Stanard, J.
The objection of the appellant, that there was not proper parties when the decree was rendered, is not well founded. The suit was by the creditors of William Jones, jr., who was at his death possessed of a tract of land, which in his lifetime he had conveyed to the defendant Scervant Jones in trust to indemnify his sureties in a bond as administrator de bonis non of Joanna Finnie, given in the year 1816. Under this deed of trust, the trustee, some time after the death of William Jones, jr. sold the land and applied a portion of the proceeds to pay a claim of a distributee of Joanna Finnie, and the object of the suit was to charge the surplus of the proceeds of the sale in the hands of the trustee with specialty debts of William Jones, jr. Scervant Jones the trustee represented the sureties in the administration bond; so that their representative was a party. But it is alleged that Joanna Finnie left *85 a will, which has been proved and recorded, by which she bequeathed to persons named therein her personal estate ; that the sureties to the administration bond may be held responsible to the legatees for the assets that came to the hands of the administrator de bonis non, and that the persons named as legatees in the will ought to have been made parties. If there were such legatees having a subsisting claim under the will, and the sureties of the administrator de bonis non could be made chargeable to them, and the indemnity to the sureties necessarily enured to the benefit of the legatees, then they ought to have been parties. All these must concur to make them necessary parties; and my impression is, that none of them exist. 1st. Though it appears that a will of Joanna Finnie has been admitted to probat, yet that will is dated in 1802, and the testatrix died in 1815, and the will was proved in 1816, and though legatees are named in it, it does not appear either by allegation or proof, that any one of them survived the testatrix; or that in the thirty years that have elapsed since the death of the testatrix, any claim has been made by any legatee. On the contrary, it does appear, that during that time the next of kin of Joanna Finnie have been regarded as entitled to her estate; and that the defendant S. Jones made sale under the deed of trust to provide for the claim of one of the distributees of Joanna Finnie, and applied part of the proceeds of sale to pay that claim. If it were necessary to extricate the case from this objection, I should feel myself warranted in the implication that the legacies lapsed, and none of the bequests of the will took effect. 2d. If there even were legatees entitled to claim under the will, and if the sureties in the administration bond could be made liable to the legatees, (which is problematical at least,) the default of the administrator in respect to which they might have been chargeable, occurred about twenty years before the decree in this case, and at the time of *86 the decree, the sureties were protected by this lapse of time from liability. 3dly. The indemnity given the sureties by their principal did not necessarily enure to the creditors, and legatees or distributees of the dece^ent< I apprehend, where a surety takes such security from his principal, he has full power over it, and may release or discharge it at least at any time before the party claiming under the primary obligation shall have asserted his claim in equity to value on this indemnity; or unless such release or discharge results from collusion between the principal and the indemnified surety. This case is not like that of an additional security taken by the creditor, to the benefit of which the surety becomes immediately entitled, and which the creditor cannot surrender without the consent of the surety, but at the hazard of discharging the surety to an extent equivalent to the value of the surrendered security.
The more important question is, whether the trustee, who in his own right, and as representative, was a specialty creditor of William Jones, jr., has the right to retain out of the surplus of sales in his hands, against other specialty creditors ? or whether that surplus should be ratably distributed among all the specialty creditors ?
At the death of William Jones, jr., the legal estate in the land was in the trustee; and he had but a quasi equity of redemption. The rights of the creditors in the proceeds of the sale since made by the trustee, must be measured by their right to charge the land, or rather the debtor’s equity therein at the time of his death. The question then is, what was the quality of this equity in the land, as the subject of charge by the specialty creditors ? Is it legal or equitable assets ? The equity of redemption of the fee simple mortgaged is equitable assets. Ram. on Assets 148; 2 Lomax on Ex’ors 238 ; 2 Williams on Ex’ors 1034, and the cases referred to. Even the equity of redemption of personal *87 chattels is equitable assets, though the executor redeem them.
In the case where equitable assets are distributed by a Court of Equity, the maxim in equali jure portior est conditio possidentis vel defendentis has no operation. Thus it has never been pretended, that when lands are devised to executors to sell, or to be sold, or that the executor shall sell lands for the payment of debts, or where the executor is a legatee, and there is a deficiency to pay that and similar legacies, that the executor in the one case has a right to retain for his debt, or in the other for his legacy. Equality is equity in all such cases; and the subject equally chargeable by all is distributed when insufficient, pro rata. My opinion is, that in making such distribution in this case the decree is right.
My impression is, that the Court below erred in limiting the trustee’s commission on the sale he made to that part of the proceeds that was applied under the deed of trust. Had not the sale been made by him, and before this suit, but made under the decree of the Court, the fund would have been charged with commission on the whole proceeds of sale ; and to say the least, the charge on the fund is not more, nor are the creditors subjected to a greater one, by allowing the trustee such commission, than they would have been subjected to had not the sale been made and the conversion effected by him.
Allen and Baldwin, J. concurred in affirming the decree.